Curtis B. Buchhammer, WSB # 5-2230
Buchhammer & Ward, P.C.
1821 Logan Avenue
P.O. Box 568
Cheyenne, WY 82003-0568
(307) 634-2184
fax (307) 634-2199
cbb@wyoming.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MCCLELLAN RATCHFORD and ALYSSA K. RATCHFORD, Individually and as the Natural Parents and Guardians of W.M.R. and W.J.R., Their Natural Children, </br></br>Plaintiffs,</br></br>v.</br></br>FRANCIS DRILLING FLUIDS, LTD, a Foreign Business Entity, and MAYJOR LEE LONG,</br></br>Defendants. | Civil No. 16-CV-284-F |

### DEFENDANTS' FIRST MOTION IN LIMINE: INSURANCE AND SETTLEMENT NEGOTIATIONS

COME NOW the Defendants, by and through counsel, and respectfully move the Court for an order precluding counsel and any witnesses called at the trial of the above-captioned matter, whether lay or expert, from mentioning, referring to, interrogating about, introducing into evidence, or attempting to suggest to the jury, whether directly or indirectly, the following evidence, testimony, documents, materials, information, contentions or facts:

**1. Any testimony, documents, materials or other information, regardless of form, relating to the subject of liability insurance in the pending matter.**

Rule 411, F.R.E., provides, in part, that: "Evidence that a person was . . . insured

against liability is not admissible upon the issue of whether the person acted negligently or otherwise wrongfully." The plain language of Rule 411,F.R.E., clearly prohibits the introduction of evidence of insurance except under limited circumstance, none of which apply to this case.

### 2. Any testimony, documents, materials or other information, regardless of form, relating to settlement negotiations and offers to compromise.

Rule 408, F.R.E., provides, in part, that: "Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering . . . valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim . . . ." The plain language of Rule 408,F.R.E., clearly prohibits the introduction of evidence of settlement negotiations except under limited circumstance, set forth in Rule 408(b), F.R.E., none of which apply to this case.

### 3. Any testimony, documents, materials or other information, regardless of form, relating to settlement of any claim for property damage sustained to Plaintiffs' motor vehicle or boat.

There was a settlement by Defendants' liability insurer for property damage to Plaintiffs' motor vehicle following the accident. As per the argument set forth above, evidence of that settlement is irrelevant and prohibited from introduction into evidence by Rule 408, F.R.E.

WHEREFORE, Defendants respectfully move the Court for an order precluding in limine any evidence or testimony identified above.

Dated this 13th day of November, 2017.

                                      Francis Drilling Fluids, LTD, and Mayjor Lee Long, Defendants.

By: _____
Curtis B. Buchhammer, WSB # 5-2230
Buchhammer & Ward, P.C.
P.O. Box 568
Cheyenne, WY 82003
(307) 634-2184
(307) 634-2199 – fax

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded as noted below, this 13th day of November, 2017.

Robert P. Schuster
Bradley L. Booke
Robert P. Schuster, P.C.
P.O. Box 13160
Jackson, WY 83002

☐ Facsimile
☐ U.S. Mail
☐ Hand-Delivery
☒ CM/ECF

_____
Curtis B. Buchhammer